Standish v. Parmely.

---

STANDISH, appellant, v. PARMELY *et al.*

*Usury — renewal of usurious note.*

A note was given in renewal of a usurious note, but was not signed by the borrower on the original note. *Held*, that the only consideration for the new note was to extend the time of payment of the usurious note, and it was a mere substitute for and equally usurious with it.

APPEAL from a judgment for defendants on verdict at the Ontario circuit, and from an order denying a new trial in the minutes.

*Morse & Wells,* for appellant, cited *Scott* v. *Lewis,* 2 Conn. 132; *Church* v. *Tomlinson,* in note to preceding case; *Botsford* v. *Sanford,* 2 Conn. 276; *Wales* v. *Webb,* 5 id. 154; *Bearce* v. *Barstow,* 9 Mass. 45; *Hazard* v. *Smith,* 21 Vt. 123; *Billington* v. *Wagoner,* 33 N. Y. 31; *Boardman* v. *Roe,* 13 Mass. 104; *Cuthbert* v. *Haley,* 8 Term R. 390; *Cook* v. *Dyer,* 3 Ala. 643; *Post* v. *Bank of Utica,* 9 Hill, 406; Tyler on Usury, 403; *Woodruff* v. *Hurson,* 32 Barb. 557; *Storer* v. *Coe,* 2 Bosw. 661; *Jones* v. *Berryhill,* 25 Iowa, 289; *Stevens* v. *Davis,* 3 Metc. 211; *Horton* v. *Moot,* 60 Barb. 29; *Pomeroy* v. *Ainsworth,* 22 id. 118; *Sumner* v. *People,* 29 N. Y. 337; *Cutter* v. *Howe,* 8 Mass. 257; *Spain* v. *Hamilton,* 1 Wall. 604; *Gale* v. *Grannis,* 9 Ind. 140; *Long* v. *Storie,* 10 Eng. Law & Eq. 182; Edw. on Bills, 356; *Valentine* v. *Conner,* 40 N. Y. 249; *Cutler* v. *Wright,* 22 id. 472; *Condit* v. *Baldwin,* 21 id. 219; *Hovey* v. *Shumway,* 1 Root, 71; *Smith*

v. *Beach,* 3 Day, 268; *Otto* v. *Durege,* 14 Wis. 571; *Hayward* v. *Le Baron,* 4 Fla. 404; *Mitchell* v. *Preston,* 5 Day, 105; *Stevens* v. *Davis,* 3 Metc. 211; *Thurston* v. *Cornell,* 38 N. Y. 281; *Superintendent of the poor of Cortland county* v. *Superintendent of the poor of Herkimer county,* 44 id. 22.

*H. O. Chesebro,* for respondent.

TALCOTT, J. The evidence tended quite clearly to show that the plaintiff, for the purpose of evading the usury law, placed in the hands of his attorney the amount of the first note under an arrangement that, although the amount of the note was in form to be placed in the hands of Thurber, the borrower, yet he was immediately to return $25 under pretense of a gift, but this was in reality to be a compensation over and above legal interest for the loan of the money on the note; and it is agreed by all the witnesses that such was in fact the transaction. This shallow device, of course, did not relieve the transaction from the imputation of usury. It is perfectly clear that the note in suit was given as a substitute for the original and usurious note, and as between the plaintiff and defendants, had no other consideration. Sheldon was one of the sureties on the first note, and after it had been due for some time, the plaintiff applied to him on the subject, offering to extend the time of payment if he had a new indorser, and thereupon, and for the sole purpose of extending the time of payment, Sheldon procured Allen and Brown, the two new parties, to sign the note in suit, which was delivered to the plaintiff, who, thereupon, delivered up to Sheldon the old note. That the name of Thurber, the original borrower, was not signed to the new note, is of no consequence. The only consideration for the new note was to extend the time of payment of the usurious note, and it was a mere substitute for, and equally usurious with, the first. There is some evidence tending obscurely to show that Sheldon, who had signed the first note as surety for Thurber, and who had procured the note in suit to be signed and substituted for the first, received some property from Thurber upon the idea or claim that he, Sheldon, had taken up the first note. If this be so the plaintiff would, probably, be able to maintain a claim in equity to such property. However that may be the transaction did not give validity to the note in suit, as against the other defendants; and even if it could be held to estop

Sheldon in an action on the new note, the question does not arise here as this defense is in behalf of his co-sureties only. The question to plaintiff, "with what intention" he gave the money to Herron, the attorney, was of no importance, and whether it was admissible or not as an abstract proposition, its rejection could not have injured the plaintiff. He had already testified fully as to that intention, namely, that it was given to Herron that he might hand it over to Thurber.

The charge of the judge at the circuit contained a correct statement of the legal principles applicable to the case, and was as favorable to the plaintiff as the law requires. Nor was there any error in declining to charge in the language proposed by the plaintiff's counsel.

Judgment and order denying new trial affirmed.